IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARO B. GROSS,            )<br>           Plaintiff,           )<br>vs.                                    )<br>                                         )<br>JOCELYN MICHELS      )<br>STUFFLEBEAN, et al.,    )<br>           Defendants.       ) | No. 3:21-CV-3107-L-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER OF TRANSFER

Daro B. Gross (Plaintiff), a current resident of Dallas, Texas, sues several individuals allegedly residing in San Diego, California, under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (RICO).  (*See* doc. 3 at 1-3.)[2]

The general venue provisions of 28 U.S.C. § 1391, as supplemented by THE RICO venue provisions, provide the basis for determining the proper venue for the RICO claims asserted in this action.  *See Sissom v. University of Texas High School*, No. 3:17-cv-1512-G-BN, 2017 WL 2505231, at * 1 (N.D. Tex. June 9, 2017).  Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The RICO venue provision provides:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.
(c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpenas issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpena shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.
(d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965.

Plaintiff's complaint does not does not cite any basis for venue in this district under either statute. None of the defendants are alleged to reside, be found, have agents, or have transacted affairs in this district. (*See* doc. 3 at 3-5.) Plaintiff does not contend that any part of the events or omissions that gave rise to his claims occurred here; his claims against the defendants are based on events that all occurred in California. (*See id.*) Venue does not appear to be proper in this district.

Section 1406(a) of Title 28 of the United States Code grants the Court discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue, but only if it is in the interest of justice to make such a transfer. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, the defendants appear to be located in the Southern District of California, the events upon which this case is based appear to have occurred there, and the interests of justice support transfer to that district. *See Sissom*, 2017 WL 2505231, at *2.

This action is hereby **TRANSFERRED** to the United States District Court for the Southern

2

District of California.[3]

**SO ORDERED on this 15th day of December, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] *Amended Miscellaneous Order No. 6* provides authority to transfer actions brought by *pro se* litigants to the proper or more appropriate district or division.