IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARO B. GROSS,        ) | |
|       Plaintiff,        ) | |
| vs.        ) | No. 3:21-CV-3107-L-BH |
|         ) | |
| JOCELYN MICHELS        ) | |
| STUFFLEBEAN, et al.,        ) | |
|       Defendants.        ) | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *Motion to Continue Action*, filed on December 16, 2021 (doc. 7). Based on the relevant filings and applicable law, the motion is **DENIED**.

Daro B. Gross (Plaintiff), a current resident of Dallas, Texas, sued several individuals allegedly residing in San Diego, California, under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (RICO) in this district, where he resides. (*See* doc. 3 at 1-3.)[2] By order dated December 15, 2021 (doc. 6), the case was transferred *sua sponte* to the Southern District of California, where all of the defendants are located, and where the complaint alleges that the underlying events occurred. (*See* doc. 6.)

Plaintiff contends that the order of transfer exceeded the assigned magistrate judge's statutory authority because a magistrate judge may not dismiss an action, and that it violated federal law by transferring the case without considering the convenience of the parties and witnesses and without consent. (*See* doc. 7.) Plaintiff also states, for the first time and in contrast to the allegations in the complaint, that all of the underlying action has taken place in this district. (*Id.*)

The order of transfer did not dismiss this case; it only transferred it to the proper venue. In this district, magistrate judges have automatically been given the authority to transfer actions brought

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

by *pro se* litigants such as Plaintiff to the proper or more appropriate district or division by *Amended Miscellaneous Order No. 6*. Plaintiff's consent to the transfer is not required because, as noted in the order of transfer, courts have discretion to transfer cases filed in the wrong venue without a motion from the parties. (*See* doc. 6 (citing *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989), *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987), and *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). The complaint makes clear that all defendants are located in California, and all of the events underlying Plaintiff's claims occurred there, and it asserts no basis for venue in this district. Even if a basis for venue in this district does exist, as Plaintiff alleges, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because all of the defendants are located in the Southern District of California, and all of the events underlying Plaintiff's claims occurred there, that district is a more convenient forum, and the interests of justice would also support transferring the case there under § 1404.

The motion to continue this case in this district is **DENIED**.

**SO ORDERED on this 17th day of December, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE